Deepalie Milie Joshi, Esq., SBN 270303 _____
JOSHI LAW GROUP
3675 Ruffin Road, Suite 220
San Diego, CA 92123
Tel: (619) 822-7566
E-mail: milie@joshilawgroup.com

Attorneys for d

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>NUPEUTICS NATURAL, INC.,<br><br>Debtor.<br>_____<br><br>LESLIE T. GLADSTONE, Chapter 7 Trustee,<br><br>Plaintiff,<br>v.<br><br>JESSICA LAINE PEATROSS,<br><br>Defendant. | Case No.: 22-02956-JBM7<br><br>Adv. No.: 24-90036-JBM<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO ENLARGE TIME AND FOR LEAVE TO FILE OMITTED OPPOSITION DOCUMENTS**<br><br>Date:  August 13, 2025<br>Time:  10:00AM<br>Dept:  2<br>Room: 118<br>Honorable J. Barrett Marum |

## I.    INTRODUCTION

Defendant, Jessica Laine Peatross ("Defendant") respectfully seeks leave to file the memorandums, declarations, separate statement, and exhibits that were inadvertently omitted from her timely-filed Opposition to the Chapter 7 Trustee's Motion for Summary Judgment (the "Opposition"). Through a clerical upload error, only the three-page cover

pleading (ECF # 43) was filed on the May 27, 2025 deadline. As shown below, the omission constitutes excusable neglect under Federal Rule of Bankruptcy Procedure 9006(b)(1) and the equitable factors articulated in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership* (507 U.S. 380(1993)). Allowing the filing will cause no prejudice, no unreasonable delay, and advance the strong policy favoring decisions on the merits.

## II.  RELEVANT FACTS

On May 27, 2025, Counsel for Defendant finalized a 195-page memorandum of points and authorities, a separate statement of disputed facts, two supporting declarations, and fourteen exhibits. The word documents and PDFs were saved in a folder file-stamped May 27, 2025 at 6:57p.m. and the files were combined to create PDFs for filing through CM/ECF.

At approximately 9:31p.m., counsel logged into CM/ECF to file Defendant's opposition papers. While selecting the document for filing, counsel inadvertently uploaded only the three-page cover pleading instead of the combined PDF file which included the memorandum of points & authorities, statement of contested facts, 2 declarations, and 14 exhibits. CM/ECF thereafter displayed the single file name, giving the false impression that the full packet had uploaded.

On July 11, 2025, the Court posted a tentative ruling for the Trustee's Motion for Summary Judgment, in which the Court made reference to the attachments referenced but

not filed. The tentative ruling further stated that, "Defendant may not make any additional filings prior to the hearing on this Motion in an attempt to address this issue." The issue referenced is the missing documents. Counsel immediately reviewed the docket, discovered the mistake, and located the omitted combined PDF – each bearing the original May 27, 2025 metadata.

At the hearing held on July 16, 2025, Counsel for Defendant was granted leave to file this present motion if the Parties were unable to reach a stipulation to permit the opposition papers.

### III. LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 9006(b)(1) empowers the Court, "on motion made after the expiration of the specified period," to permit the act to be done "where the failure to act was the result of excusable neglect." In *Pioneer*, the Supreme Court held that "excusable neglect" is an equitable concept evaluated through four non-exclusive factors: (1) danger of prejudice to the opposing party; (2) length of the delay and potential impact on the proceedings; (3) reason for the delay, including whether it was within the movant's reasonable control; and (4) the movant's good faith. 507 U.S. at 395. The Ninth Circuit applies *Pioneer* flexibly, recognizing that no single factor is dispositive. See *In re Caneva*, 550 F.3d 755, 761 (9th Cir. 2008). Because Rule 9006(b)(1) is remedial, courts construe it liberally to reach equitable results.

//

## IV.  ARGUMENT

### A.  Pioneer Factors

The *Pioneer* factors require a finding of excusable neglect, which is clear under the present circumstances.  First, granting leave will not prejudice the Trustee, since the Court has not yet made a final ruling on the Motion for Summary Judgment.  The Court has indicated that additional briefing by the parties is likely needed before the Court rules.  The Court has not yet set briefing deadlines but has set a hearing on August 13, 2025 to decide the present motion and set briefing deadlines.  The additional briefing deadlines would provide ample time for the Trustee to review the omitted documents, and if necessary, file a reply.  At this time, the Trustee has already received the omitted documents and has thus had time to review.  The Ninth Circuit routinely finds no prejudice when the non-movant retains adequate time to respond.

Further, the length of delay in filing the omitted documents will have little to no impact on the proceedings.  The delay between discovering the omitted documents and this motion is less than 13 days, while the delay between the initial hearing and this motion is 8 days.  No other deadlines are affected since the Court has not yet set briefing deadlines to make a final ruling on the Trustee's motion.  No other deadlines are affected, and the only hearing date set is on August 13, 2025.  Such a brief, non-disruptive delay favors relief under *Pioneer*.

The third *Pioneer* factor is the reason for delay and whether it was within movant's reasonable control. Here, the omission resulted from a single clerical upload – an inadvertent oversight during a late-evening CM/ECF filing session. While the Trustee was under no duty to notify Defendant's counsel of the missing attachments, the professional courtesy would have been greatly appreciated. Counsel did not learn of the mistake until the Court issued its tentative ruling on July 11. Counsel would have acted promptly to correct the error by filing the omitted documents that same day, but for the Court's prohibition on Defendant from filing any further papers prior to the hearing on July 16, 2025. Courts have granted Rule 9006(b)(1) motions for comparable filing errors. See, e.g., *In re Verdi*, 2019 WL 6712136, at *3 (Bankr. E.D. Cal. Dec. 9, 2019) (finding excusable neglect where counsel failed to attach declaration).

Defendant has proceeded transparently by providing the Trustee with the documents prior to filing this present motion. The documents provided to the Trustee were not altered or changed, but the file was renamed to avoid repeating the same error. If the error had been discovered by Defendant prior to the Court's tentative ruling, then chambers would have been notified immediately. These actions belie any suggestion of bad faith. In discussing a potential stipulation, the Trustee contends that Defendant is attempting to change the pleadings post-hearing. This is incorrect. The memorandum provided as an exhibit to this motion is word-for-word identical to the version finalized prior to the

deadline. Defendant seeks only to correct a docketing error, not to amend her arguments or evidence.

**B.     Decisions on the Merits are Favored**

The Bankruptcy Rules "shall be construed to secure the just, speedy, and inexpensive determination of every case." Fed. R. Bankr. P. 1001. Similarly, Local Bankruptcy Rule 1001-2 similarly instructs that technical failures should not thwart substantive adjudication. Refusing leave would elevate form over substance and risk ruling on an incomplete record of a dispositive motion – a result inconsistent with these principles.

## V.     CONCLUSION

The *Pioneer* factors favor relief, and the interests of justice call for adjudication on a complete record. Defendant, therefore respectfully requests that the Court grant the motion and permit the omitted opposition papers to be filed, and for such other relief as the Court deems just and proper.

Dated: July 24, 2025

Respectfully Submitted,

Joshi Law Group

By: */s/ Deepalie Milie Joshi*
    Deepalie Milie Joshi, Esq.,
    Attorney for Defendant,
    Dr. Jessica Laine Peatross